## HANLON v. HANLON et al.

FISH, J.   1. The controlling question upon which this case turned was whether or not an ambiguous written instrument related to the property in dispute, and the trial judge properly left to the jury the determination of this question under the evidence submitted.

2. If any errors were committed in admitting or in rejecting testimony, they were of no material consequence as affecting the result, and not such as would warrant the setting aside of the verdict, there being ample evidence to support the same.

*Judgment affirmed.   All the Justices concurring.*

Argued December 4, — Decided December 21, 1897.

Equitable petition.   Before Judge Lumpkin.   Fulton superior court.   March term, 1897.

*Longino & Golightly*, for plaintiff.
*Kontz & Conyers*, for defendants.

---

## DEAN v. BARNETT, administrator.

FISH, J.   1. Where the plaintiff in an action died while the same was pending and the defendant was served with a copy of a written motion to mal the administrator of the deceased a party to the case, this was sufficient to put the defendant on notice that the granting of this motion would be asked when or before the case was duly called in its order for trial, if the service on the defendant was made a reasonable time before the order making parties was actually granted.

2. In view of the evidence disclosed by the record, there was no abuse of discretion in refusing to set aside the judgment and reinstate the case.

*Judgment affirmed.   All the Justices concurring.*

Argued December 7, — Decided December 21, 1897.

Motion to set aside judgment.   Before Judge Berry.   City court of Atlanta.   May term, 1897.

*Simmons & Corrigan* and *W. J. Speairs*, for plaintiff in error.
*Samuel Barnett*, contra.